| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>**ASK LLP**<br>Marianna Udem<br>Brigette McGrath<br>ASK LLP<br>60 East 42nd Street, 46th Floor<br>New York, NY 10165<br>Telephone: (212) 267-7342<br>Facsimile: (212) 918-3427<br>mudem@askllp.com<br>bmcgrath@askllp.com<br><br>*Special Counsel to the Plan Administrator* | Order Filed on June 27, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>BED BATH & BEYOND, INC., *et al.*,[1]<br><br>                      Debtor. | Chapter 11<br><br>Case No. 23-13359 (VFP)<br><br>(Jointly Administered) |
| Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.),[2]<br>                      Plaintiff,<br><br>v.<br><br>CHF Industries, Inc.,<br>                      Defendant. | Adv. No. 25-01165 |

**DATED: June 27, 2025**

                                                        _____
                                                        **Honorable Vincent F. Papalia**
                                                       **United States Bankruptcy Judge**

---

[1] The last four digits of Debtor Bed Bath & Beyond Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/bbby. The location of Debtor Bed Bath & Beyond Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 650 Liberty Avenue, Union, New Jersey 07083.

[2] Pursuant to the *Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond Inc.*, which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond Inc." was changed to *20230930-DK-Butterfly, Inc.* [Filing ID No. 230921001833 DOS ID 315602].

Page:     2
Debtor:   Bed Bath and Beyond, Inc.
Case No.: 23-13359 (VFP)
Caption:  Joint Scheduling Order Adding Adversary Proceeding to Procedures Order and Extending Certain Deadlines Therein

**JOINT SCHEDULING ORDER ADDING ADVERSARY PROCEEDING TO PROCEDURES ORDER AND EXTENDING CERTAIN DEADLINES THEREIN**

The relief set forth on the following pages, numbered three (3) and four (4), is hereby ORDERED:

Page: 3
Debtor: Bed Bath and Beyond, Inc.
Case No.: 23-13359 (VFP)
Caption: Joint Scheduling Order Adding Adversary Proceeding to Procedures Order and Extending Certain Deadlines Therein

Upon consideration of the *Joint Scheduling Order Adding Adversary Proceeding to Procedures Order and for Extension of the Deadlines Therein* (the "Scheduling Order")[3] filed Michael Goldberg, in his capacity as Plan Administrator (the "Plaintiff" or "Plan Administrator") for 20230930-DK-Butterfly-1, Inc. (f/k/a/ Bed Bath & Beyond Inc.) and its affiliated debtors (each, a "Debtor" and collectively, the "Wind-Down Debtors" or "Debtors"), and CHF Industries, Inc. (the "Defendant" and, together with Plaintiff, the "Parties"), through their respective counsel, and the Court having determined that the relief sought by the Scheduling Order is in the best interests of the Parties; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Scheduling Order is GRANTED as set forth herein.

2. On April 24, 2025, the Bankruptcy Court entered the Order Granting Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 542, 547, 548, 549 and 550 of the Bankruptcy Code [ECF No. 4012] with respect to certain adversary proceedings commenced by the Plan Administrator (the "Procedures Order").

3. The Parties have conferred and agreed to the deadlines and procedures set forth in the Procedures Order subject to the modifications within this Scheduling Order.

4. This adversary proceeding shall be subject to the deadlines and procedures set forth within the Procedures Order, including Waiver of Requirement to Conduct Pretrial Conference, with the following scheduling modifications:

---

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection.

Page:      4
Debtor:    Bed Bath and Beyond, Inc.
Case No.:  23-13359 (VFP)
Caption:   Joint Scheduling Order Adding Adversary Proceeding to Procedures Order and Extending Certain Deadlines Therein

---

a. Paragraph B.3. of the procedures shall not apply to Defendant, rather, the Parties agree and stipulate that the time within which Defendant may answer, move, or otherwise plead to the Complaint [D.I. 1] is hereby extended to and including December 19, 2025, without prejudice to any Party's right to seek further extensions of such deadline. In exchange for Plaintiff's agreement to extend the response deadline, Defendant agrees to waive any issues relating to service of process of the Summons and Complaint.

b. Paragraph E.7. of the procedures shall not apply to Defendant, rather, the Parties agree and stipulate that if this matter has not been resolved by August 30, 2025, it shall be referred to mandatory mediation.

c. Paragraph E.8. of the procedures is modified so that Defendant shall choose a mediator from the mediator list attached to the Procedures Order between September 1 and September 15, 2025.

d. Paragraph E.13. of the procedures shall not apply to Defendant, rather, any mediation between the Parties must be concluded by November 30, 2025.

e. The deadlines set forth in Paragraphs E.14. and E.15. of the procedures is extended to January 16, 2026.

f. The deadlines set forth in Paragraph E.16. of the procedures is extended to April 17, 2026.

g. Paragraph G.34. of the procedures shall not apply to Defendant, rather, subject to Paragraph C.4. of the procedures, the pretrial conference shall be adjourned to future date(s), if any, as agreed by the Parties and as properly noticed.

5. All deadlines set forth herein may be extended by written agreement of the parties without further order of the Court.

6. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Scheduling Order.